UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VENDOR RESOURCE MANAGEMENT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| *v.* | § | Civil Action No. SA-17-CV-00504-XR |
| | § | |
| MANIDA JELLISON, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

**ORDER**

Before the Court is Plaintiff Vendor Resource Management's Motion to Remand to State Court. Docket no. 2. After careful consideration, the Court GRANTS Plaintiff's motion.

**BACKGROUND**

This case involves real property located at 12430 Basil Bay, San Antonio, Texas 78253. The Property was purchased at a foreclosure sale on December 6, 2016. Docket no. 1 at 1. Wells Fargo Bank, N.A. executed a Special Warranty Deed conveying its interest in the Property to Plaintiff on December 15, 2016. Docket no. 2-3 at 1. The Special Warranty Deed was recorded on December 20, 2016. *Id.*

The Deed of Trust encumbering the Property provides that upon the occurrence of a foreclosure sale, Defendants[1] or any person holding possession of the Property through Defendants shall immediately surrender possession of the Property to the purchaser of the Property. Docket no. 2-5 at 17. If Defendants do not surrender the Property, they will be tenants at sufferance and may be removed by court proceeding. *Id.* Plaintiff sent Defendants a letter on December 28, 2016, informing them that they needed to vacate the Property within 90 days. Docket no. 2-4 at 2. Defendants did not do so, and on March 30, 2017, Plaintiff filed its Original

---

[1] Defendants in this action are Manida Jellison and all occupants of the Property.

1

Petition for Forcible Detainer in the Justice Court of Precinct 1 Place 1 of Bexar County, Texas. Docket no. 2 at 1. Judgment was entered in favor of Plaintiff on April 18, 2017, and Defendants appealed that ruling on April 24, 2017. Docket no. 1 at 12; Docket no. 2 at 2–3.

Defendants removed the action to this Court on June 7, 2017. Docket no. 1 at 1. The next day, Plaintiff filed a motion to remand. Docket no. 2. The Court now turns to this pending motion.

## LEGAL STANDARD

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). The defendant bears the burden of demonstrating that the court has jurisdiction when the case is removed. *See In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). If a court doubts the propriety of removal, it should resolve these doubts in favor of remand. *Id*. In this case, there are two potential bases for original jurisdiction: federal question and diversity. 28 U.S.C. §§ 1331, 1332.

Under the forum-defendant rule, if original jurisdiction is based on diversity, the action may not be removed from state court if any of the defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). The plaintiff is required to move for remand within 30 days of removal if this procedural defect exists. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 393 (5th Cir. 2009) (citing *In re Shell Oil Co.,* 932 F.2d 1518, 1519 (5th Cir. 1991)).

Federal question jurisdiction exists if a question of federal law is presented on the face of the plaintiff's "well-pleaded complaint." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Generally, if a plaintiff's complaint asserts only state law causes of action, the action is not removable to a federal district court. *See Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996).

## ANALYSIS

Defendants argue this Court has subject matter jurisdiction under 28 U.S.C. § 1332. In their Notice of Removal, Defendants allege that Plaintiff is a citizen of Missouri and that they are citizens of Texas. Under the forum-defendant rule, an action with original jurisdiction based on diversity may not be removed to a federal district court if a defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *In re 1994 Exxon Chemical Fire,* 558 F.3d at 391. By the terms of their own Notice of Removal, Defendants acknowledge that they are citizens of Texas and the action was brought in Texas state court; indeed, because this is a forcible detainer action aimed at those occupying real property in Texas, this admission makes sense. Docket no. 1 at 1. Consequently, Defendants are procedurally barred from removing this action to any federal district court in Texas on the basis of diversity jurisdiction.[2]

Furthermore, Defendants do not properly allege that federal question jurisdiction exists. Initially, it is not entirely clear that Defendants even attempt to assert a federal basis for this Court's jurisdiction—minus one cursory reference to 28 U.S.C. § 1331, Defendants' Notice of Removal is silent on any federal laws that might be implicated by Plaintiff's complaint. *See* Docket no. 1. Assuming Defendants do attempt to rely on federal question jurisdiction, this reliance is misplaced. Plaintiff's underlying forcible detainer claim is a state law cause of action that does not present any federal questions. *Fed. Nat'l Mortg. Ass'n v. Morse*, No. 4:16-CV-396, 2016 WL 6871143, at *4 (E.D. Tex. Nov. 22, 2016); *see also U.S. Bank, N.A., v. Allain*, No.

---

[2] Assuming *arguendo* that Defendants were not citizens of Texas, they still have not adequately pled that the amount-in-controversy requirement is satisfied. Defendants allege the Property's value is $130,813.00 and therefore that the amount in controversy is satisfied. They are mistaken. The object of Plaintiff's underlying forcible detainer claim is *possession* of the Property, not *title* of the Property. *Fed. Nat'l Mortg. Ass'n v. Morse*, No. 4:16-CV-396, 2016 WL 6871143, at *3 (E.D. Tex. Nov. 22, 2016). Consequently, the amount in controversy is the value of merely possessing the Property, not the value of the Property itself. *Id.* Defendants do not allege that the value of *possessing* the house is at least $75,000. Instead, they allege the market value of the Property meets the amount in controversy, but this is not the correct measure of the amount in controversy. Nevertheless, the Court recognizes that it has not allowed Defendants the opportunity to re-plead their jurisdictional allegations or respond to Plaintiff's motion to remand, and for these reasons, does not reach the question of whether Defendants have satisfied the amount-in-controversy requirement.

1:14-CV-670, 2015 WL 679233, at *3 (E.D. Tex. Feb. 17, 2015) (finding forcible detainer does not raise a federal claim or require plaintiff to rely on federal law for relief); *Fed. Nat'l Mortg. Ass'n v. Elliott,* No. 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D.Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction."); *Bank of N.Y. Mellon Trust Co., N.A. v. De La Fuente*, No. 3:14-CV-3627, 2014 WL 6901794, at *4 (N.D. Tex. Dec. 8, 2014) (remanding forcible detainer action because federal question jurisdiction did not exist). Consequently, Plaintiff's action is not removable to this Court on the basis of federal question jurisdiction.

In sum, Defendants' Notice of Removal, on its face, acknowledges that Defendants are citizens of Texas, preventing diversity-based removal under the forum-defendant rule. *See* 28 U.S.C. § 1441(b). Furthermore, the Notice of Removal does not identify a basis for federal question jurisdiction and Plaintiff's underlying complaint lacks one as well. Accordingly, this case must be remanded to state court.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Docket no. 2) is GRANTED. This case is hereby REMANDED to state court.

It is so ORDERED.

SIGNED this 12th day of June, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE